| FORM B1 | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF WESTERN NEW YORK | VOLUNTARY<br>PETITION |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>BILOTTA, JAMES LEE | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>BILOTTA, SANDRA MARIA |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Tax I.D. No. (if more than one, state<br>all): 6833 | Last four digits of Soc. Sec./Tax I.D. No. (if more than one, state all):<br>9485 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>6270 AIKEN ROAD<br>PENDLETON, NY 14094 | Street Address of Joint Debtor (No. & Street, City, State & Zip<br>Code): 6270 AIKEN ROAD<br>PENDLETON, NY 14094 |
| County of Residence or of the Principal Place of Business:<br>NIAGARA | County of Residence or of the Principal Place of Business:<br>NIAGARA |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## INFORMATION REGARDING THE DEBTOR   (CHECK APPLICABLE BOXES)

**Venue** (Check any applicable box)

[x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days
Immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the<br>Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| [x] Individual (s) | [ ] Railroad | | | |
| [ ] Corporation | [ ] Stockbroker | [x] Chapter 7 | [ ] Chapter 11 | [ ] Chapter 13 |
| [ ] Partnership | [ ] Commodity Broker | [ ] Chapter 9 | [ ] Chapter 12 | |
| [ ] Other_____ | [ ] Clearing Bank | [ ] Sec. 304 – Case ancillary to foreign proceeding | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| [x] Consumer/Non-Business | [ ] Business | [x] Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | [ ] Filing fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration<br>Certifying that the debtor is unable to pay the fee except in<br>Installments. Rule 1006(b). See Official Form No. 3. |
| [ ] Debtor is a small business as defined in 11 U.S.C. § 101 | | |
| [ ] Debtor is and elects to be considered a small business<br>Under 11 U.S.C. § 1121(e) (Optional) | | |

| **Statistical / Administrative Information** (Estimates only) | This Space For Court Use Only |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>[x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>There will be no funds available for distribution to creditors. | |

**Estimated Number of Creditors**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Debts**

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$5000,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s): JAMES  L. BILOTTA<br>SANDRA  M. BILOTTA |
|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: N/A | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate or this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____s/ JAMES  L. BILOTTA
  Signature of Debtor
X_____s/ SANDRA  M. BILOTTA
  Signature of Joint Debtor

_____
  Telephone Number (If not represented by attorney)

_____1-11-05_____
  Date

### Signature of Attorney

X_____s/TERENCE W. MILLER
  Signature of Attorney for Debtor(s)
  Terence W. Miller, Esq.__
  Printed Name of Attorney for Debtor(s)  Bar ID Number
  Miller and Miller Law Firm
__Firm Name
  1332 Walden Ave ; Cheektowaga, NY 14211
__Address
  716-894-0235
  Telephone Number
_____1/11/05_____
  Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition it true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
  Signature of Authorized Individual

_____
  Printed Name of Authorized Individual

_____
  Title of Authorized Individual

_____
  Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7,  11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X____ s/TERENCE W. MILLER          1-11-05
  Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to  pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X_____
  Signature of Bankruptcy Petition Preparer          Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

# United States Bankruptcy Court
## Western District of New York

| | |
|---|---|
| In re: JAMES BILOTTA<br>　　　SANDRA BILOTTA<br>Debtor (s) | Case Number: |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|---|
| | | | | ASSETS | LIABILITIES | OTHER |
| A- | Real Property | Y | 1 | $ 138,000.00 | | |
| B- | Personal  Property | Y | 2 | $ 124,219.19 | | |
| C- | Property Claimed as Exempt | Y | 1 | | | |
| D- | Creditors Holding Secured Claims | Y | 1 | | $ 154,000.00 | |
| E- | Creditors Holding Unsecured Priority Claims | Y | 2 | | $ 0.00 | |
| F- | Creditors Holding Unsecured Nonpriority Claims | Y | 4 | | $ 119,829.01 | |
| G- | Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H- | Codebtors | Y | 1 | | | |
| I- | Current Income of individual Debtor(s) | Y | 1 | | | $ 3,610.02 |
| J- | Current Expenditures of Individual Debtor(s) | Y | 1 | | | $ 9,219.96 |
| | Total Number of Sheets of ALL Schedules | | 15 | | | |
| | | Total Assets | | $ 262,219.19 | | |
| | | | Total Liabilities | | $ 273,829.01 | |

In re: JAMES BILOTTA
       SANDRA BILOTTA                    Debtor(s)              Case No.

## SCHEDULE A – REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1887 – 2 STORY FARM HOUSE 6270 AIKEN RD PENDLETON, NY 14094 | OWNERS | J | 138,000.00 | 122,000.00 |
| | Total - > | | $ 138,000.00 | (Report also on Summary of Schedules) |

## SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.Cash on hand | | | J | 300.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | FIRST NIAGARA BANK-CHECKING #0070712575 HSBC-CHECKING #822380510 | W H | 200.00 500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | KITCHEN SET, LIVING ROOM SET, BEDROOM SET, DINING ROOM SET, COMPUTER, 4 TV'S, STEREO, CAMCORDER, 2 DVD'S, 3 VHS PLAYERS | J | 1,200.00 |
| 5. Books, pictures and other art objects; antiques, stamp, coin, record, tape compact disc, and other collections or collectibles. | | BOOKS, RECORDS, COLLECTABLE STAMPS, TAPES | J | 500.00 |
| 6. Wearing apparel. | | MISC. WEARING APPAREL | J | 200.00 |
| 7.Furs and jewelry. | | RINGS, WATCH, COSTUME JEWERLY | J | 1,000.00 |
| 8.Firearms and sports, photographic, and other hobby equipment. | | SHOTGUN, ROLLERBLADES, CAMERA, OLD HOCKEY EQUIPMENT | J | 100.00 |
| 9.Intrests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | NATIONWIDE-N1012755440 PRESIDENTIAL-305208 | W H | 2,757.21 7,277.23 |

In re: JAMES BILOTTA, SANDRA BILOTTA     Debtor(s)                    Case No.

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | | UNION HEALTH ACCOUNT | H | 8,367.15 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | ANNUITY CONTRACT WITH BRICK LAYERS UNION<br>VESTED PENSION WITH BRICK LAYERS UNION<br>VESTED PENSION WITH NYS TEACHERS | H<br>H<br>W | 34,430.52<br>38,937.08 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13.Intrest in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 SILVERADO<br>2004 CALVALIER<br>2001 SKI-DOO<br>1991 HONDA 4-WHEELER | H<br>W<br>H<br>H | 15,000.00<br>7,000.00<br>1,000.00<br>200.00 |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | COMPUTER DESK, BOOKSHELF | J | 500.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | MISC. TOOLS AND EQUIPMENT | H | 500.00 |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops – growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | 2-JOHN DEER TRACTORS, LAWN MOWER | J | 4,250.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

In re: JAMES BILOTTA, SANDRA BILOTTA    Debtor(s)           Case No.

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522 (b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. §522 (b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| FIRST NIAGARA BANK-CHECKING # 0070712575<br>HSBC-CHECKING  # 82238510 | | 200.00 | 200.00 |
| KITCHEN SET, LIVING ROOM SET, BEDROOM SET, DINING ROOM SET, COMPUTER, 4 TV'S, STEREO, CAMCORDER, 2 DVD'S, 3 VHS PLAYERS | | 1,000.00<br>200.00 | 1,000.00<br>200.00 |
| BOOKS, RECORDS, COLLECTABLE STAMPS, TAPES | ARTICLE 10A OF THE DEBTOR & CREDITOR LAW & SECTION 5205 OF CPLR | 500.00 | 500.00 |
| MISC. WEARING APPAREL<br>RINGS, WATCH, COSTUME JEWERLY<br>SHOTGUN, ROLLERBLADES, CAMERA, OLD HOCKEY EQUIPMENT<br>2001 SKI-DOO<br>1991 HONDA 4-WHEELER<br>COMPUTER DESK, BOOKSHELF<br>MISC. TOOLS AND EQUIPMENT<br>2-JOHN DEER TRACTORS, LAWN MOWER<br>CASH ON HAND | | 200.00<br>1,000.00<br>100.00<br><br>1,000.00<br>200.00<br>500.00<br>500.00<br>4,250.00<br>300.00 | 200.00<br>1000.00<br>100.00<br><br>1,000.00<br>200.00<br>500.00<br>500.00<br>4,250.00<br>300.00 |
| NATIONWIDE INSURANCE POLICY N1012755440<br>PRESIDENTIAL INS. POLICY 305208 | ARTICLE 10A OF THE DEBTOR & CREDITOR LAW & SECTION 5205 OF CPLR & INSURANCE LAW SEC.  3212 | 2,757.21<br><br>7,277.23 | 2,757.21<br><br>7,277.23 |
| UNION HEALTH ACCOUNT ANNUITIES ANNUITY CONTRACT WITH BRICK LAYERS UNION<br>VESTED PENSION WITH BRICK LAYERS UNION<br>VESTED PENSION WITH NYS TEACHERS | INSURANCE LAW SEC.  3212 & DEBTOR & CREDITOR LAW SECTION 282 & SECTION 5205 OF CPLR | 8,367.15<br>34,430.52<br><br>38,937.08 | 8,367.15<br>34,430.52<br><br>38,937.08 |
| 2004 SILVERADO<br>2004 CALVALIER | DEBTOR & CREDITOR LAW SEC.  282 | 15,000.00<br>7,000.00 | 15,000.00<br>7,000.00 |

In re: JAMES BILOTTA, SANDRA BILOTTA     Debtor(s)     Case Number:

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

USE ONLY LAST FOUR DIGITS OF ACCOUNT NO.

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| A/C #     4709<br>COUNTRYWIDE HOME LOANS<br>P.O. BOX 10229<br>VAN NUYS, CA 91410-0229 | | J | 8/02 MORTGAGE-SINGLE FAMILY HOME<br><br>Value $ 138,000.00 | | | | 122,000.00 | |
| A/C #     7972<br>GMAC<br>P.O. BOX 22780<br>ROCHESTER, NY 14692 | | H | 9/04-CAR LOAN-2004 SILVERADO<br><br>Value $ 15,000.00 | | | | 21,000.00 | |
| A/C #     2857<br>GMAC<br>P.O.BOX 830070<br>BALTIMORE, MD 21283-0070 | | W | 9/04-CAR LOAN 2004 CAVALIER<br><br>Value $ 7,000.00 | | | | 11,000.00 | |
| A/C # | | | <br>Value $ | | | | | |
| A/C # | | | <br>Value $ | | | | | |
| A/C # | | | <br>Value $ | | | | | |
| A/C # | | | <br>Value $ | | | | | |
| A/C # | | | <br>Value $ | | | | | |
| | | | Subtotal: | | | | $ | |
| | | | Total: | | | | $ 154,000.00 | |

If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
If contingent, unliquidated, or disputed, enter a X in the appropriate box.

(Report total on Summary of Schedules)

In re: JAMES BILOTTA, SANDRA BILOTTA          Debtor(s)          Case Number:

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial Affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave Pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 Days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to The extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fisherman, up to $4,650* per farmer or fisherman, Against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals:** Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support*:** Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units:** Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# SCHEDULE E – CREDITORS HOLDING UNSECURED CLAIMS
### (Continuation Sheet)

USE ONLY LAST FOUR DIGITS OF ACCOUNT NO.

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| A/C # | | | | | | | | |
| | | | | Subtotal: | | | $ | |
| | | | | Total: | | | $0.00 | |
| | | | | | | | (Report total on Summary of Schedules) | |

If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
If contingent, unliquidated, or disputed, enter a X in the appropriate box.

In re: JAMES BILOTTA       Debtor (s)     Case No.
     SANDRA BILOTTA

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C . | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D .. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C #     5019 | | | | | |
| JOHN DEERE CREDIT P.O. BOX 4450 CAROL STREAM, IL 60197-4450 | | J | 12/03 CREDIT ACCOUNT | | $950.00 |
| A/C # | | | | | |
| JOHN DEERE CREDIT P.O. BOX 5327 MADISON, WI 53705 | | J | SAME AS ABOVE | | |
| A/C #     9919 | | | | | |
| FLEET'S CUSTOMER SERVICE P.O. BOX 15480 WILMINGTON, DE 19850-5480 | | H | 1/04 CREDIT CARD | | $12,971.63 |
| A/C #     8804 | | | | | |
| DISCOVER PLATINUM P.O. BOX 15192 WILMINGTON, DE 19850-5192 | | H | 1/04 CREDIT CARD | | $3328.36 |
| A/C # | | | | | |
| DISCOVER BANK P.O. BOX 15251 WILMINGTON, DE 19886-5251 | | H | SAME AS ABOVE | | |
| A/C #     2530 | | | | | |
| HOUSEHOLD CREDIT SERVICES P.O. BOX 88000 BALTIMORE, MD 21288-0001 | | H | 1994 MCC CREDIT CARD | | $2,118.77 |
| A/C # | | | | | |
| HOUSEHOLD CREDIT SERVICES P.O. BOX 80027 SALINAS, CA 93912-0027 | | H | SAME AS ABOVE | | |
| A/C #     7538 | | | | | |
| WALMART P.O. BOX 530927 ATLANTA, GA 30353-0927 | | H | 12/03 CREDIT CARD | | $40.00 |
| | | | Subtotal: | | $ 19,408.76 |
| | | | Total: | | $ |

Sheet no. 1 of 4 sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

*If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.      (use only on last page of completed Schedule F.)

In re: JAMES BILOTTA  Debtor (s)  Case No.
SANDRA BILOTTA

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C . | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D .. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # | | | | | |
| WALMART P.O. BOX 103042 ROSWELL, GA 30076-9042 | | H | SAME AS ABOVE | | |
| A/C #                    1281 | | | | | |
| MBNA AMERICA P.O. BOX 15019 WILMINGTON, DE 19886-5019 | | H | 12/03 CREDIT CARD | | $31,265.58 |
| A/C # | | | | | |
| MBNA AMERICA P.O. BOX 15026 WILMINGTON, DE 19850-5026 | | | SAME AS ABOVE | | |
| A/C #                    7720 | | | | | |
| MBNA AMERICA P.O. BOX 15019 WILMINGTON, DE 19886-5019 | | W | 1997 CREDIT CARD | | $1,575.85 |
| A/C #                    9657 | | | | | |
| CITI CARDS P.O. BOX 8114 S. HACKENSACK, NJ 07606-8114 | | W | 12/03 CREDIT CARD | | $6,984.68 |
| A/C #                    8490 | | | | | |
| BANK OF AMERICA P.O. BOX 53132 PHOENIX, AZ 85072-3132 | | W | 12/03 CREDIT CARD | | $7,547.00 |
| A/C #                    1005 | | | | | |
| AMERICAN EXPRESS P.O. BOX 360002 FT. LAUDERDALE, FL 33336-0002 | | W | 12/03 CREDIT CARD | | $6,069.74 |
| A/C #                    4120 | | | | | |
| CAPITAL ONE BANK P.O. BOX 85147 RICHMOND, VA 23276 | | W | 11/03 CREDIT CARD | | $12,811.53 |
| | | | | Subtotal: | $66,254.38 |
| | | | | Total: | $ |

Sheet no.  2   of  4   sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

*If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.          (use only on last page of completed Schedule F.)

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D .. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C #    7316 | | | | | |
| DISCOVER CARD<br>P.O. BOX 15251<br>WILMINGTON, DE 19886-5251 | | W | 12/03<br>CREDIT CARD | | $3,795.59 |
| A/C #    4380 | | | | | |
| CHASE PLATINUM VISA<br>P.O. BOX 15657<br>WILMINGTON, DE 19886-5657 | | W | 12/03<br>CREDIT CARD | | $8,502.24 |
| A/C #    2233 | | | | | |
| MBNA AMERICA<br>P.O. BOX 15019<br>WILMINGTON, DE 19886-5019 | | W | 1996<br>CREDIT CARD | | $7,086.04 |
| A/C #    4626 | | | | | |
| RETAILERS NATIONAL BANK<br>P.O. BOX 59317<br>MINNEAPOLIS, MN 55459-0317 | | W | 12/03<br>TARGET CREDIT CARD | | $652.71 |
| A/C #    0126 | | | | | |
| CAPITAL ONE SERVICES<br>P.O. BOX 85147<br>RICHMOND, VA 23276 | | H | 1994<br>CREDIT CARD | | $732.00 |
| A/C #    8468 | | | | | |
| BONDED COLLECTION CORPORATION<br>29 EAST MADISON ST.<br>SUITE 1650<br>CHICAGO, IL 60602-4427 | | W | 1989<br>BANK ONE CREDIT CARD<br>REF. #3900697<br>GIVEN TO COLLECTION AGENCY | | $8,496.55 |
| A/C #    1163 | | | | | |
| FLEET<br>P.O. BOX 1070<br>NEWARK, NJ 07101-1070 | | W | 1990<br>CREDIT CARD | | $627.62 |
| A/C #    9812 | | | | | |
| CITI CARDS<br>P.O. BOX 8104<br>S. HACKENSACK, NJ 07606-8104 | | W | 1992<br>CREDIT CARD | | $1,426.93 |

| | | |
|---|---|---|
| Subtotal: | $31,319.68 |
| Total: | |

Sheet no. 3   of   4   sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

*If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.        (use only on last page of completed Schedule F.)

In re: JAMES BILOTTA, SANDRA BILOTTA        Debtor (s)        Case No.

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D .. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 0418 | | | | | |
| CITI CARDS P.O. BOX 6345 THE LAKES, NV 88901-6345 | | W | 1995 CREDIT CARD | | $1,866.11 |
| A/C # 4668 | | | | | |
| CITI BUSINESS P.O. BOX 6309 THE LAKES, NV 88901-6309 | | W | 1997 CREDIT CARD | | $980.08 |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |

|  | Subtotal: | $2,846.19 |
|---|---|---|
|  | Total: | $119,829.01 |

Sheet no. 4 of 4 sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

*If husband, enter H; if wife, enter W; if joint, enter J, if community, enter C.
** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.        (use only on last page of completed Schedule F.)

In re: JAMES BILOTTA, SANDRA BILOTTA          Debtor(s)                          Case No.

# SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTORS INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

In re: JAMES BILOTTA, SANDRA BILOTTA          Debtor(s)                    Case No.

## SCHEDULE H – CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

In re: JAMES BILOTTA                                      Case Number:
        SANDRA BILOTTA

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12
or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| MARRIED | NAMES: | AGE: | RELATIONSHIP: |
| | LYDIA BILOTTA | 8 | DAUGHTER |
| | VINCENT BILOTTA | 6 | SON |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation: | UNION BRICK LAYER LOCAL 3 | TEACHER |
| Name of Employer: | UNION BRICK LAYER LOCAL 3 | ERIE 1 BOCES |
| How long employed: | 14 YEARS | 4 YEARS |
| Address of Employer: | 17A 2350 NORTH FOREST | 99 AERO DRIVE |
| | GETZVILLE, NY 14068 | CHEEKTOWAGA, NY 14225 |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions | $ 1,620.00 | $ 3,113.58 |
| (pro rate if not paid monthly) | | |
| Estimated monthly overtime | $ - | $ - |
| **SUBTOTAL** | $ 1,620.00 | $ 3,113.58 |
| **LESS PAYROLL DEDUCTIONS** | | |
| a. Payroll taxes and social security | $ 162.00 | $ 891.56 |
| b. Insurance | $ - | $ - |
| c. Union dues | $ 70.00 | $ - |
| d. Other (specify) | $ - | $ - |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 232.00 | $ 891.56 |
| **TOTAL NET MONTHLY TAKE HOME PAY** | $ 1,388.00 | $ 2,222.02 |
| Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | | |
| Income from real property | | |
| Interest from real property | | |
| Interest and dividends | | |
| Alimony, maintenance or support payments payable to the debtor | | |
| for the debtor's use or that of dependents listed above. | | |
| Social security or other government assistance (Specify) | | |
| Pension or retirement income | | |
| Other monthly income (Specify) | | |
| **TOTAL MONTHLY INCOME** | $ 1,388.00 | $ 2,222.02 |

**TOTAL COMBINED MONTHLY INCOME**  $        3,610.02  (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the
filing of this document.

In re: JAMES BILOTTA
SANDRA BILOTTA

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,096.82 |
| Are real estate taxes included?   Yes  X   No _____ | | |
| Is property insurance included?   Yes  X   No _____ | | |
| Utilities: Electricity and heating fuel | $ | 595.00 |
| Water and sewer | $ | 40.00 |
| Telephone | $ | 65.00 |
| Other | $ | 120.00 |
| Home Maintenance (Repairs and Upkeep) | $ | 200.00 |
| Food | $ | 700.00 |
| Clothing | $ | 600.00 |
| Laundry and dry cleaning | $ | 160.00 |
| Medical and dental expenses | $ | 55.00 |
| Transportation (not including car payments) | $ | - |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 40.00 |
| Charitable contributions | $ | - |
| Insurance (not deducted from wages or included in home mortgage payments) | $ | - |
|   Homeowner's or renter's | $ | 70.00 |
|   Life | $ | 185.00 |
|   Health | $ | 42.14 |
|   Auto | $ | 980.00 |
|   Other | $ | - |
| Taxes (not deducted from wages or included in home mortgage payments.) | $ | - |
| (Specify) _____ | | |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | $ | |
|   Auto        2004 SILVERADO | $ | 472.00 |
|   Auto        2004 CALVALIER | $ | 299.00 |
|   credit cards        payments on all credit cards        (21 cards) | $ | 3,500.00 |
| Alimony, maintence, and support paid to others | | 0 |
| Payments for support of additional dependents not living at your home | | 0 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | 0 |
| Other | | 0 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ | 9,219.96 |

| | | |
|---|---|---|
| [FOR CHAPTER 12 AND 13 DEBTORS ONLY] | | |
| Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval. | | |
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each | $ | |
| (interval) | | |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14___ sheets, and that they are correct to the best of my knowledge, information, and belief.


Date:_____1-11-05_____          Signature:___s/JAMES L. BILOTTA
                                                              (Debtor)


Date:_____1-11-05_____          Signature:___s/SANDRA M. BILOTTA
                                                              (Joint Debtor, if any)

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
#### (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.


_____                    _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number (Required by
                                                                               11 U.S.C. § 110(c).

_____
_____
Address

Name and Social Security numbers of all other individuals who prepared this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
Signature of Bankruptcy Petition Preparer          Date

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.**

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____[the president or other officer or an authorized agent of the corporation or member or an authorized agent of the partnership] of the_____[corporation or partnership] named as debtor in  this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date_____          Signature_____
                                                        _____
                                                        [print or type name of individual signing on
                                                        behalf of debtor]
[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property.  Fine of up to $5000,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

# United States Bankruptcy Court
## District of Western New York

In re: JAMES BILOTTA, SANDRA BILOTTA      Debtor(s)      Case Number:

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

a.Property to Be Surrendered.

| Description of Property | Creditor's Name |
|---|---|

NONE

b. Property to Be Retained      (Check any applicable statement.)

| Description of Property | Creditor's Name | Property is claimed to be exempt | Property will be redeemed pursuant to 11U.S.C § 722 | Debt will be Reaffirmed Pursuant to 11 U.S C. § 524© |
|---|---|---|---|---|
| 2004 SILVERADO | GMAC | X | | X |
| 2004 CALVALIER | GMAC | X | | X |
| FAMILY HOME 6270 AIKEN RD PENDLETON, NY 14094 | COUNTRY WIDE HOME LOANS | X | | X |

Date:___1-11-05      s/JAMES L. BILOTTA    s/SANDRA M. BILOTTA
_____

                                   Signature of Debtor

## CERTIFICATION OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____    _____
Printed or Typed Name of Bankruptcy Petitioner Preparer      Social Security Number (Required by 11 U.S.C. § 110)

Address:_____
     _____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document.

If more than one person prepared this document, attach additional sheets conforming to the appropriate Official form for each person.
X_____    _____
     Signature of Bankruptcy Petition Preparer      Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 156.*

FORM 7. STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF WESTERN NEW YORK

In re: JAMES BILOTTA, SANDRA BILOTTA          Debtor(s)          Case Number:

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None," mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In Business"  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been , within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider"  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor in an officer, director, or person in control; officers, directors, and any owner of 5 percent or moreof the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

1.     **Income from employment or operation of business**

None     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the
        debtor's business from the beginning of this calendar year to the date this case was commended. State also the gross amounts
☐       received during the **two years** immediately preceding this calendar year. ( A debtor that maintains, or has maintained,
        financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and
        ending dates of the debtor's fiscal  year.) If a joint petition is filed, state income for each spouse separately. (Married debtors
        filing under chapter 12 or 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are
        separated and a joint petition is not filed.)

            AMOUNT                          SOURCE (if more than one)

2003-    $ 55,052.00

2002-    $ 62,715.00

2001-    $ 76,443.00

2.     **Income other than from employment or operation of business**

None     State the amount of income received by the debtor other than from employment, trade, profession, or operation of the
        debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint
[X]     petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state
        income for each  spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

            AMOUNT                          SOURCE

**3. Payments to creditors**

None   a.   List all payments to loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any
☒        creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter
         12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
         separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR              DATE OF PAYMENT          AMOUNT PAID          AMOUNT
                                                                                       STILL
                                                                                       OWING

None   b.   List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of
☒        creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or
         both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR              DATE OF PAYMENT          AMOUNT PAID          AMOUNT
AND RELATIONSHIP TO DEBTOR                                                              STILL
                                                                                       OWING

_____

**4. Suits and administrative  proceedings, executions, garnishments and attachments**

None   a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☒        Preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
         information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
         and a joint petition is not filed.)

CAPTION OF SUIT                           NATURE OF               COURT OR             STATUS
AND CASE NUMBER                           PROCEEDING              AGENCY AND           OR
                                                                  LOCATION             DISPISITION

None   b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year**
☒        immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
         information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are
         separated and a joint petition is not filed.)

NAME AND ADDRESS                          DATE OF                 DESCRIPTION AND VALUE OF
OF PERSON FOR WHOSE                       SEIZURE                 PROPERTY
BENEFIT PROPERTY WAS SEIZED

**5. Repossessions, foreclosures and returns**

None



List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION  AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None



a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married  debtors filing under chapter 12 or chapter 13 must include any assignment by either or both  spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None



b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this Case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family Member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceeding the commencement of this case or **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

_____

**9. Payments related to debt counseling or bankruptcy**

None



List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

_____

**10. Other transfers**

None



List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

_____

**11. Closed financial accounts**

None



List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 and chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT FO FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13. Setoffs**

None



List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14. Property held for another person**

None



List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15. Prior Address of Debtor**

None

X

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**16. Spouses and Former Spouses**

None

X

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six year period** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined s a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None



b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None



c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with Respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

_____

**18. Nature, location and name of business**

None



a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

(Continued on next page)

18. **(CONTINUED)**

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

_____

None

[X]

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                            ADDRESS

_____
_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

19. **Books, records and financial statements**

None

[ ]

a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                    DATES SERVICES RENDERED

_____

None

[ ]

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                            ADDRESS                            DATES SERVICES RENDERED

_____

None

[ ]

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                ADDRESS

(Continued on next page)

### 19. (CONTINUED)

None

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
    financial statement was issued within the **two years** immediately preceding the commencement of this case by
    the debtor.

NAME AND ADDRESS                         DATE ISSUED

_____

### 20. Inventories

None

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
    of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY              INVENTORY              DOLLAR AMOUNT OF  INVENTORY
                               SUPERVISOR             (Specify cost, market or other basis)

_____

None

b.  List the name and address of the person having possession of the records of each of  the two inventories reported in
    a., above.

DATE OF INVENTORY              NAME AND ADDRESS OF CUSTODIAN OF INVENTORY
                               RECORDS

_____

### 21. Current Partners, Officers, Directors and Shareholders

None

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS              NATURE OF INTEREST              PERCENTAGE OF INTEREST

_____

None

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
    Indirectly owns, controls, or holds 5 percent or more of  the voting or equity securities of the corporation.

NAME AND ADDRESS              TITLE              NATURE AND PERCENTAGE OF
                                                STOCK OWNERSHIP

_____

### 22. Former partners, officers, directors and shareholders

None

a.  If  the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
    Preceding the commencement of this case.

NAME              ADDRESS              DATE OF WITHDRAWAL

(Continued on next page)

**22. (CONTINUED)**

None

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                          DATE OF TERMINATION

_____

**23. Withdrawals from a partnership or distributions by a corporation**

None

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    DATE AND PURPOSE              AMOUNT OF MONEY OR
OF RECIPIENT,                       OF WITHDRAWAL                DESCRIPTION AND VALUE
RELATIONSHIP TO DEBTOR                                           OF PROPERTY

_____

**24. Tax Consolidation Group**

None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION       LAST FOUR DIGITS OF TAXPAYER IDENTIFICATION NO.

_____

**25. Pension Funds**

None

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to Which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** Immediately preceding the commencement of the case.

NAME OF PENSION FUND             LAST FOUR DIGITS OF TAXPAYER IDENTIFICATION NO.

_____

******************

*(If completed by an individual or individual and spouse)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereof and that they are true and correct.

Date _____1-11-05                     Signature of Debtor ____s/JAMES L. BILOTTA


Date _____1-11-05                     Signature of Joint Debtor ___s/SANDRA M. BILOTTA
                                         (if any)

---

*(If completed on behalf of a partnership or corporation)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereof and that they are true and correct to the best of my knowledge, information and belief.

Date_____     Signature_____

                                          Print Name and Title_____

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)


*Penalty for making a false statement: Fine of up to $5000,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571*

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as  defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____     _____
Printed or Typed Name of Bankruptcy Petition Preparer         Social Security No. (Required by 11 U.S.C. § 110©.)
_____
_____
Address

Names and Social Security  numbers of all other individuals who prepared or assisted in preparing this document:


If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____     _____
Signature of Bankruptcy Petition Preparer                        Date


*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

In re: JAMES BILOTTA, SANDRA BILOTTA      Debtor(s)      Case Number:

Chapter: 7

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept…………………………………………………… $ 1,900.00

Prior to the filing of this statement I have received…………………………………………$ 1,900.00

Balance Due……………………………………………………………………………………… $ 0.00

2. The source of the compensation paid to me was:
3. 

[X] Debtor      [ ] Other (specify)

4. The source of compensation to be paid to me is:

[ ] Debtor      [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

[ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

     b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings therof;

     d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

     e. [Other provisions as needed]

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

1/11/05            S/TERENCE W. MILLER
Date            Signature of Attorney

MILLER AND MILLER LAW FIRM
Name of law firm

---